[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
FACTS
The plaintiff commenced this action by complaint dated October 16, 1992, seeking possession of the subject premises.
The writ was returnable November 13, 1992, and served on November 4, 1992. The Notice to Quit was dated August 27, 1992, and directed that the defendant vacate the premises by October 15, 1992. The notice recited a violation of an express condition of the rental agreement, to wit, failure to pay the cost of repairs for damage to the subject premises caused by carelessness, misuse or neglect on the part of the defendant.
A copy of the Notice to Quit is made a part of this memorandum.
The complaint alleges that members of the defendant's family set fire to the premises resulting in damages to the amount of $75,851.
A provision of the lease required the tenant to reimburse the landlord if as a result of her negligence property damage occurred to the premises.
ISSUE
Is the Notice to Quit in this action equivocal because (1) the federal and state notice requirements are combined into one notice to quit and (2) the Notice to Quit states that the tenant has ten days to respond to the agent for the owner.
DISCUSSION CT Page 2297
The plaintiff in this action has combined the provisions under the Code of Federal Regulation 24 C.F.R. § 881 and Connecticut General Statutes 47a-23 into the Notice to Quit Possession.
In Connecticut, the nonpayment of rent in itself does not terminate the lease. Nonpayment provides the landlord with an option to terminate the lease by exercising an unequivocal act, which is the Notice to Quit. Thibodeau v. Cohn, New Haven Housing Court decision #20, Foti, J.
In the matter of Clay Hill Associates v. Luz Figueroa, Hartford Housing Court decision #570, Aronson, J., the court had an opportunity to decide the issue presented by the defendant's present motion to dismiss.
In Clay Hill Associates, supra, the court found that a Notice to Quit can serve a dual function of a notice pursuant to 24 C.F.R. § 881.607 and a Notice to Quite pursuant to Connecticut General Statutes 47a-23(a), 24 C.F.R. § 881.607(c) states:
 "Termination Notice. (1) the owner must give the family a written notice of any proposed termination of tenancy stating the grounds and that the tenancy is terminated on a specified date and advising the family that it has an opportunity to respond to the owner. . . (2) where the termination notice is based on material noncompliance with the lease . . . the time of service must be in accord with the lease and state law."
The notice requirement for a termination of a lease pursuant to federal regulations 24 C.F.R. § 881.607(c) and Connecticut General Statutes 47a-23 are so similar that one notice will suffice to comply with both federal and state law. St. Paul's Housing Corp. v. John Hill, et al, Hartford Housing Court decision #616, Goldstein, J.
The defendant argues that by combining the federal CT Page 2298 and state requirements, the Notice to Quit becomes equivocal. The defendant cites Fairway Gardens v. May, New Haven Housing Court, decision #538, in support of her argument.
The Notice to Quit served on the tenant in the Fairways Gardens case can be distinguished from the Notice to Quit in this case. In Fairway Gardens, the Notice to Quit gave the tenant ten days within which to discuss the proposed termination with the landlord (emphasis added). Judge Vertefeuille made repeated references in her decision to the landlord's use in the Notice to Quit of the word "proposed" as a basis to find the Notice to Quit equivocal. In this case, the landlord does not use the word proposed in the Notice to Quit and strictly complies with both the federal and state statutes.
The thrust of the defendant's argument is that first a federal notice of proposed termination and then a state Notice to Quit must be served to evict a subsidized tenant. The fault in this argument is that the lease requires that all termination notices give the tenant ten days to discuss the termination of tenancy with the landlord and the federal statute requires that any termination notice must give the same advisement.
In Intown Management Corp. v. Laurence Knowling, Hartford Housing Court decision #959, Berger, J., the court ruled that there is no requirement for two notices to be served.
The Connecticut Supreme Court in Jefferson Garden Associates v. Greene, 520 A.2d 173, 202 Conn. 128, dealt with this argument when in its opinion is stated "when good cause for termination of a lease has clearly been shown, and when notices of termination have been sent in strict compliance with statutory timetables, a landlord should not be precluded from pursuing summary process eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent."
The defendant's motion to dismiss is denied.
Austin, J. CT Page 2299
NOTICE TO QUIT POSSESSION
 TO: EDEELENE WILLIAMS 79 Mechanic Street Second Floor Norwich, CT
This is to give you notice that you are to quit possession of the premises known as:
79 Mechanic Street, Second Floor, Norwich, Connecticut now occupied by you on or before the 15th day of October 1992.
 This notice is given for the following reason: TERMINATION OF LEASE DUE TO MATERIAL NONCOMPLIANCE WITH THE LEASE PURSUANT TO 24 C.F.R. § 881.607 and TERMINATION OF LEASE DUE TO VIOLATION OF AN EXPRESS OF THE RENTAL AGREEMENT. You have violated Paragraph 11 of your rental agreement with the Landlord which states:
 "Whenever damage is caused by carelessness, misuse, or neglect on the part of the Tenant, his/her family or visitors, the Tenant agrees to pay:
 a. the cost of all repairs and do so within 30 days after receipt of the Landlord's demand for the repair charges"
Notice is hereby given that effective this date any tender of money for rent shall be accepted by the Landlord for Use and Occupancy only.
You have 10 calendar days within which to respond in writing or in person to the agent for the owner, Village Green Associates c/o Gard Management Corporation, 887 Asylum Avenue, Hartford, CT 06105, (203) 727-8600.
You have an opportunity to respond to the agent for the owner at Village Green Associates c/o Gard Management Corporation, 887 Asylum Avenue, Hartford, CT 06105, (203) 727-8600.
You are hereby notified that if you remain in the leased unit on the date specified for termination, the landlord may seek to enforce the termination only by bringing a judicial action, at which time you have a right to defend the action in court. CT Page 2300
Dated at Hartford, Connecticut this 27th Day of August, 1992.
 Elliot J. Lane, Attorney for Village Green Associates
STATE OF CONNECTICUT : ss. Norwich September 2, 1992 COUNTY OF NEW LONDON :
THEN I MADE due and legal service of the foregoing notice by leaving a true and attested copy (with) the within named: Edeelene Williams, 79 Mechanic Street, Second Floor
of said Town.
ATTEST
 Deputy Sheriff New London County